IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NICHOLAS STEPHEN HOLLIDAY                                       PLAINTIFF

v.                                                        CIVIL ACTION NO. 1:24-CV-82-SA-DAS

MONROE COUNTY, MISSISSIPPI AND
MONROE COUNTY SHERIFF'S DEPARTMENT                              DEFENDANTS

ORDER STAYING CASE

On June 28, 2024, the defendants Monroe County Sheriff's Department and Monroe County, Mississippi, filed a motion for judgment on the pleadings followed by a motion to stay this case. Doc. 10, 12. The defendants argue the plaintiff's Complaint fails to state a claim under *Monell v. Department of Social Services*, "an immunity-based defense," and maintain a stay is proper under Local Uniform Civil Rule 16(b)(3)(B).[1] Alternatively, the defendants argue judicial economy warrants a stay a because the pending motion could resolve the entire case.

The plaintiff Nicholas Stephen Holliday opposes the motion to stay arguing "the defenses raised in Defendant County's motion are neither immunity defenses nor jurisdictional." Doc. 15. He maintains that under *Monell*, "[l]ocal governmental entities are not immune from suit under 42 U.S.C. § 1983." Doc. 15 (citing *Monell v. Dep't of Soc. Sers. of City of New York*, 436 U.S. 658 (1978)). Therefore, he contends the automatic stay under Local Rule 16(b)(3)(B) is not triggered. On this point, the court agrees.

---

[1] Under Local Uniform Civil Rule 16(b)(3)(B), filing "a motion asserting an immunity defense or a jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal."

A *Monell* defense alone is insufficient to trigger the automatic stay provision of Local Rule 16(b)(3)(B).² *Monell* is a "mere defense to liability." *Ramirez v. City of El Paso, Texas*, 2022 WL 16557646, at *3 (W.D. Tex. Oct. 31, 2022) (citing *Monell*, 436 U.S. at 690–91; *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 43 (1995); *Puente Ariz. v. Arpaio*, 821 F.3d 1098, 1110 (9th Cir. 2016) ("Unlike jurisdictional issues and certain immunities from suit, *Monell* is just a defense to liability.")). "[A] municipality's defense under *Monell* [does not] import the protections afforded by qualified immunity," and therefore, absent other considerations, does not mandate a stay. *Id*. at *3 and fn. 7.

However here, other considerations exist which warrant a stay pending resolution of the motion for judgment on the pleadings.

> The United States Court of Appeals for the Fifth Circuit has recognized that a stay of discovery is appropriate where a preliminary motion asking for dismissal of the case is pending because: (1) such motions are decided based on the content of the complaint only, without regard to facts obtained during discovery; and (2) the motion, if granted, would dispose of the case, thus avoiding the effort and expense of discovery.

*Vanderlan v. Jackson HMA, LLC*, 2017 WL 9360854, at *1 (S.D. Miss. Dec. 22, 2017) (quoting *Dowdy & Dowdy P'ship v. Arbitron Inc.*, 2010 WL 3893915, at *1 (S.D. Miss. Sept. 30, 2010)). Federal Rule of Civil Procedure 26(c) provides that a court "may, for good cause shown, issue an order to protect a party or person from ... undue burden or expense." "Good cause may be shown

---

² The defendants cite this court's *Order Granting Motion to Stay* in *Fryrear v. Washington County et al*, where the court considered nearly identical arguments and held:

> "[w]hether *Monell* applies in the context of this litigation will be determined by way of the pending motion for judgment on the pleadings. Washington County, Mississippi's immunity-based defense – whether applicable in the context of this case or not – is sufficient to stay discovery in this action."

*Fryrear v. Washington County et al*, 4:22-cv-112-MPM-DAS (N.D. Miss. January 4, 2023). While the court stands by the additional reasons warranting a stay as set forth in that *Order*, its identification of a *Monell* defense as an "immunity-based defense" was incorrect.

where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced." *Dowdy & Dowdy P'ship*, at *1.

  Finding those considerations satisfied, the court will exercise its "general discretionary power to stay proceedings before it in control of its docket and in the interests of justice." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)). The motion to stay is GRANTED, and the parties are directed to notify the undersigned within seven days of a ruling on the motion for judgment on the pleadings.

  **SO ORDERED**, this the 2nd day of August, 2024.

            /s/ David A. Sanders
            **UNITED STATES MAGISTRATE JUDGE**